16-3672-cv
*Sea Tow Services Int'l, Inc. v. St. Paul Fire & Marine Ins.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of October, two thousand seventeen.

PRESENT:     AMALYA L. KEARSE,
             JOSÉ A. CABRANES,
             RICHARD C. WESLEY,
                        *Circuit Judges.*

———————————————————————

SEA TOW SERVICES INTERNATIONAL, INC.,

        *Plaintiff-Appellant,*                                    16-3672-cv

        v.

ST. PAUL FIRE & MARINE INSURANCE CO.,

        *Defendant-Appellee,*

HOUCK ANDERSON, ANDREW ANDERSON,

        *Defendants.*

———————————————————————

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | MITCHELL A. STEIN, Stein Law P.C., Northport, NY. |
| **FOR DEFENDANT-APPELLEE:** | STEPHEN M. LAZARE (Andrew Premisler, *on the brief*), Lazare Potter & Giacovas LLP, New York, NY. |

1

Appeal from an October 21, 2016 judgment of the United States District Court for the Eastern District of New York (Pamela K. Chen, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the October 21, 2016 judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-appellant Sea Tow Services International, Inc. ("STSI") appeals from the District Court's grant of summary judgment against STSI and dismissal of all STSI's claims with prejudice. STSI brought sundry claims against its insurer, defendant-appellee St. Paul Fire & Marine Insurance Co. ("St. Paul"), alleging that St. Paul, *inter alia*, breached the terms of its insurance policy with STSI, acted in bad faith when settling claims at no out-of-pocket cost to STSI, and engaged in unfair and deceptive trade practices. However, STSI appeals only the grant of summary judgment on the claims for bad faith and unfair and deceptive trade practices. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This litigation stems from a boating accident that occurred at one of STSI's franchisees, Triplecheck, Inc. ("Triplecheck"). The victim of the accident, an employee of Triplecheck, sued both STSI and Triplecheck. Early in the litigation, STSI and Triplecheck agreed on a joint defense and sought a global settlement that would settle all the claims arising out of the accident. St. Paul, STSI's insurer, opposed this strategy, and sought to settle only the claims against STSI. STSI alleged that, had it entered into a unilateral settlement with the victim, it would have been exposed to a cross-claim by Triplecheck for contractual indemnification. Nevertheless, the parties entered into the global settlement covering all claims.

We review the District Court's grant of summary judgment *de novo*, "construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in [its] favor." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 108 (2d Cir. 2013). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The parties agree that New York law applies.

Establishing that an insurer acted in bad faith when settling a claim can be a tough row to hoe under New York law, and STSI did not succeed in the undertaking. *See Hugo Boss Fashions, Inc. v. Fed. Ins. Co.*, 252 F.3d 608, 624 (2d Cir. 2001) ("[T]here remains a strong presumption in New York against a finding of bad faith liability by an insurer."). To prevail, a plaintiff must show that "the insurer's conduct constituted a gross disregard of the insured's interests," and that "the insured lost an actual opportunity to settle the claim." *Pavia v. State Farm Mut. Auto. Ins. Co.*, 82 N.Y.2d 445, 453–54 (1993) (internal quotation marks omitted). Here, there was no lost opportunity to settle. As STSI admits, St. Paul settled the claim and "all the parties got what they should have wanted, a global settlement . . . within policy limits." Appellant Br. at 2.

2

STSI may take issue with St. Paul's pre-settlement strategy, but a "difference of opinion between carrier and insured" does not by itself constitute bad faith. *Sukup v. New York*, 19 N.Y.2d 519, 522 (1967). At most, STSI proffered evidence that St. Paul's strategy inadequately factored in a hypothetical scenario under which STSI might have been liable to Triplecheck, its franchisee, for contractual indemnification—a hypothetical scenario, it should be emphasized, that never came to pass. Such counterfactual thought experiments do not establish bad faith. Accordingly, the District Court properly granted St. Paul summary judgment on the bad faith claim.

Upon independent review of the record, and principally for the reasons set forth in the District Court's September 29, 2016 memorandum and order, we also conclude that STSI failed to establish that St. Paul's conduct constituted an unfair or deceptive trade practice.

## CONCLUSION

We have reviewed all of the arguments raised by STSI on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the October 21, 2016 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3